J. ERNEST DALY and Another, Appellants, *v.* THE STATE OF NEW YORK, Respondent.

(Claim No. 18161.)

Third Department, May 12, 1933.

*Sawyer & Gibson* [*John E. Sawyer* of counsel], for the appellants.

*John J. Bennett, Jr., Attorney-General* [*John L. Campbell, Assistant Attorney-General*, of counsel], for the respondent.

CRAPSER, J. The premises of the claimants are in Kingsbury, Washington county, N. Y., and border on the east bank of Wood creek.

The source of Wood creek is in the town of Argyle, Washington county, N. Y., about three miles southerly of claimants' premises, and the creek in its natural course flowed northerly through the towns of Kingsbury, Fort Ann and Whitehall, where it discharged into Lake Champlain.

In 1908 the State constructed the Champlain branch of the Barge canal through Wood creek valley and by such construction and subsequent maintenance made radical changes in Wood creek.

The State, under authority of chapter 836 of the Laws of 1911, widened and deepened the creek for its entire length on the farm of its source and dug a new artificial channel for a considerable distance, abandoning the old winding channel. The water, which under ordinary conditions would have accumulated and worked down the stream gradually, was carried off more rapidly in the artificial channel. No changes were made in the creek opposite the premises of the claimants or between them and where the bed of the creek was cleaned, deepened and straightened out.

About a mile north of the premises of the claimants the course of the Barge canal intercepted the course of Wood creek and Wood creek was changed so as to empty into the Barge canal at or near Lock No. 9.

The State constructed a new channel a short distance easterly of the old channel. Before this change the land on both sides of Wood creek was practically level and in times of high water the creek would spread out over a great area below the lands of the claimants; it would spread out from a quarter to a half a mile. The work the State did in changing the course of Wood creek below the land of the claimants prevented the spreading out of the creek and created embankments on both sides for part of the distance and the water was thereby confined and there was left only a sixty-foot opening in high water for the water to run off. It is claimed by the appellants that these changes caused the overflow for which this claim is filed.

Numerous witnesses, who had known Wood creek for years, testified that prior to the Barge canal construction Wood creek in the vicinity of claimants' premises never overflowed during the crop season except upon a few occasions when the overflow was caused by the discharge into the creek of water by the old State canal and that since the Barge canal construction overflows of Wood creek in the vicinity in question have occurred during the crop season with considerable frequency.

Evidence was also produced by several witnesses living in the locality that the effect of the changes made by the State in the upper reaches of Wood creek caused the water to raise rapidly and in greater volume in the vicinity of the property of the claimants.

Opposed to the evidence of eye-witnesses of this condition the State produced the evidence of experts with figures as to levels, flowage and the like which at best are theoretical and are not sufficient to meet the reliable proof of actual experience that before the construction and changes made by the State the land had not been flooded while afterwards it has.

There is no question that the claimants' land was overflowed by the waters of Wood creek on June 27 and July 22, 1925, and their crop of potatoes destroyed to their damage in the amount of $1,854.

The court has found that the claimants' land is situated immediately westerly of Wood creek. This evidently is an error because the lands are situated easterly of the creek.

The money expended by the State for cleaning out the upper portion of Wood creek was spent in connection with Barge canal construction and maintenance. The State in connection with the work on Wood creek made it over from a natural waterway into a feeder for the Barge canal and all the work done upon it was in connection with the Barge canal and for no other purpose.

The judgment appealed from should be reversed upon the law and facts and a new trial granted, with costs to the appellants.

McNamee, J., concurs; Hill, P. J., concurs in the result, and favors a new trial on the ground the judgment is against the weight of the evidence; Rhodes and Bliss, JJ., dissent, and vote to affirm.

Judgment reversed on the law and facts and new trial granted, with costs to the appellants to abide the event.

The court reverses findings of fact numbered 19, 22, 23, 24 and 26 as against the weight of the evidence; and reverses on the law finding of fact numbered 25.