J. ERNEST DALY and BRIAN DALY, Respondents, *v.* THE STATE OF NEW YORK, Appellant.

(Claim No. 18161.)

ISABELLE DALY and Others, Executors of PATRICK B. DALY, Deceased, Respondents, *v.* THE STATE OF NEW YORK, Appellant.

(Claim No. 18156.)

JEREMIAH F. CROWLEY, JR., Respondent, *v.* THE STATE OF NEW YORK, Appellant.

(Claim No. 18158.)

JEREMIAH CROWLEY, Respondent, *v.* THE STATE OF NEW YORK, Appellant.

(Claim No. 18163.)

CHRISTOPHER HENRY, Respondent, *v.* THE STATE OF NEW YORK, Appellant.

(Claim No. 18165.)

FRED R. BUTTERFIELD, Respondent, *v.* THE STATE OF NEW YORK, Appellant.

(Claim No. 18173.)

GEORGE DODGE, Respondent, *v.* THE STATE OF NEW YORK, Appellant.

(Claim No. 18174.)

EDWARD A. DALY, Respondent, *v.* THE STATE OF NEW YORK, Appellant.

(Claim No. 18176.)

JOHN A. FALVEY and DANIEL FALVEY, Respondents, *v.* THE STATE OF NEW YORK, Appellant.

(Claim No. 18179.)

EDWIN R. MENEELY, Respondent, *v.* THE STATE OF NEW YORK, Appellant.

(Claim No. 18183.)

CHARLES BUTTERFIELD, Respondent, *v.* THE STATE OF NEW YORK, Appellant.

(Claim No. 18184.)

Third Department, November 12, 1941.

*John J. Bennett, Jr.*, Attorney-General [*James H. Glavin, Jr.*, and *Burns F. Barford*, Assistant Attorneys-General, of counsel], for the appellant.

*Thomas O'Connor, George E. O'Connor* and *Gerald W. O'Connor* [*Gerald W. O'Connor* of counsel], for the respondents.

SCHENCK, J. The State of New York appeals from eleven judgments of the Court of Claims awarding money damages to the several respondents for the flooding of their respective lands bordering on Wood creek, Washington county, with resultant damage to growing crops. The proceedings on these claims against the State were originally instituted during the months of June and July, 1925, to recover damages for the destruction of respondents' potato and other crops by reason of the flooding of their lands by the overflow waters of the said Wood creek.

The first trial of the claim of respondents J. Ernest Daly and Brian Daly resulted in a dismissal of the claim. The judgment therein was reversed by this court on the ground that such dismissal was against the weight of evidence and a new trial was granted. (*Daly* v. *State of New York*, 238 App. Div. 253.) All of the aforementioned claims were again tried in December, 1939. In March, 1941, decisions were handed down awarding judgments in favor of each of said respondents. No evidence was offered at the trial by the State to dispute the amount of damages.

The premises of the respondents consist of several parcels of agricultural land located on the easterly and westerly sides of

Wood creek, a stream which prior to 1908 flowed northerly to a point in the town of Whitehall, where it discharged into Lake Champlain. In 1908 the State, in prosecuting the construction of the Champlain branch of the Barge Canal through the Wood Creek Valley, made substantial changes in the flow of Wood creek, and it is the contention of the respondents that such changes in the flow of the creek and the subsequent maintenance of the canal caused the flooding of their lands during the growing season, with the consequent destruction of crops.

It appears from the evidence that the soil of Wood Creek Valley is peculiarly adaptable to potato raising. It is claimed that prior to the Barge Canal construction respondents' lands were not overflowed during the crop season except on a few occasions and that these infrequent floodings were caused by the discharge into the creek of water from the old State canal. Since the construction of the Barge Canal the overflows of the creek have frequently occurred during the crop season, resulting in the complete destruction of the potato and other crops.

This court, in reversing the judgment resulting from the first trial (*Daly* v. *State of New York, supra*), found that the claimants there proved by eyewitnesses that the changes made by the State in the upper reaches of Wood creek caused the water to rise rapidly and in considerable volume in the vicinity of their farm property, and that opposed to the evidence of these eyewitnesses of the conditions prevailing prior to the Barge Canal construction, the State produced experts who gave figures as to levels and overflow but that such theoretical evidence was not sufficient to meet the proof of claimants' witnesses' actual experience as to the conditions before and after construction. In other words, this court held that observations of persons familiar with conditions as they existed in Wood Creek Valley were not disproved by mathematical computations and theoretical deductions of the experts produced by the State.

Upon the December, 1939, trial of the issues there presented, upon which judgments in favor of respondents were entered and from which judgments these appeals have been taken, the State produced some additional proof of prior conditions by witnesses, some of whom had not testified in the former trial. The State also produced certain documents claimed to have the effect of releases and constituting newly-discovered evidence. The testimony of the State's witnesses who claimed to have observed the condition of the Wood Creek Valley prior to and subsequent to the Barge Canal construction is not sufficiently convincing to meet the proof of the actual experience of natives of the valley who were

apparently eyewitnesses to these conditions for a very considerable period of time. Nor am I impressed with the purported releases which the State claimed to be newly-discovered evidence, wherein it is contended that the respondents released the State for certain floods occurring in 1915, 1916 and 1918. The denial by the court of appellant's motion to vacate the judgments and to grant a new trial for the purpose of receiving these documents as newly-discovered material evidence was entirely proper in the circumstances. These alleged releases were matters of public record and are at best executory agreements wherein certain of these respondents agreed to release the State from future damages sustained by them by reason of the overflow of Wood creek if and when the State made certain improvements, upon the completion of which each respective claimant was to execute a further release and waiver from all damages sustained by him thereafter from the flooding of said Wood creek. It is stipulated that aside from the lowering of the dam, which had already been completed at the time of the signing of the alleged releases, no further or other work was done by the State in the further improvement of Wood creek.

Clearly, the State having failed to comply with the terms and conditions of such executory agreements, may not contend that these instruments amounted to releases on the part of the claimants. The judge of the Court of Claims presiding at the trial held that these releases were immaterial and insufficient to sustain the contention of the State and the production thereof could not be considered newly-discovered evidence, as the instruments were matters of public record in the Washington county clerk's office and could have been discovered prior to the trial with the exercise of reasonable diligence.

By a preponderance of credible evidence respondents have established as a fact that their lands were flooded and their crops destroyed on June 27 and 28 and July 22, 1925, by reason of the said Barge Canal construction. The State having offered no evidence to dispute the amount of damages alleged to have been sustained, the respective respondents herein are entitled to recover such amounts, and the judgments should be affirmed, with costs.

HILL, P. J., CRAPSER and FOSTER, JJ., concur; BLISS J., dissents with an opinion.

BLISS, J. (dissenting). The claimants have failed to show that their damage was caused by the State.

I also differ with the majority as to the construction placed upon the releases signed by these claimants and their predecessors in title. These releases are dated August 8, 1921, and were executed

after the State had lowered the crest of its dam eighteen inches. They release the State from all claims for damages to growing crops " at any time hereafter sustained, occasioned by the existence and maintenance of said dam at its present height " and also provided that upon the completion of certain improvements the owner would thereafter execute a further release. I see nothing executory as to the releasing of the State for all claims present and future, caused by the maintenance of the dam at its then present height and it is stipulated that no further work was done by the State on Wood creek. The damages for which claims are now being made, if any, are caused by the maintenance of the dam at the same height as it was in August, 1921. The State has thus settled with these claimants or their predecessors in title for these present damages and should not be compelled to settle with them again. It is true that the State then contemplated further improvements and upon the completion of these improvements the property owners were to execute further releases. Such improvements were never completed and consequently the additional releases were never executed, but these facts do not invalidate the releases which were given in 1921 for all damages at any time thereafter sustained, occasioned by the existence and maintenance of the dam at its then present height. Judgments affirmed, with costs.