WAYNE NIGHTINGALE et al., Appellants, *v.* STATE OF NEW YORK, Respondent.
(Claim No. 25986.)

WILLIAM RACE, Appellant, *v.* STATE OF NEW YORK, Respondent.
(Claim No. 25987.)

Fourth Department, March 19, 1943.

*George W. Black* and *Edward A. Wolff* for appellants.

*Nathaniel L. Goldstein, Attorney-General* (*James H. Glavin, Jr.,* of counsel), for respondent.

*Per Curiam.* At the close of claimants' evidence the Court of Claims dismissed the claims in both of these actions, mainly because the claimants did not prove any negligence upon the part of the State officials in charge of the Barge Canal.

The claims are for damages to real estate during the years 1938 and 1939 " due to the overflow and flooding of the claimants' property caused by the waters of Lansing Kill Creek," such creek being used in the operation of the Barge Canal, and are based upon acts which, if performed by a private person, would have given rise to an action for trespass. (*McKee* v. *D. & H. Canal Co.,* 125 N. Y. 353, 355.)

A person who sustains damages "from the canals or from their use or management" is permitted to recover the amount of such damages from the State. (Canal Law, § 120, formerly § 47; *Daly* v. *State of New York,* 238 App. Div. 253; 262 App. Div. 661, affd. 288 N .Y. 551.)

The Court of Claims upon sufficient evidence made the following findings of fact:

" In the years 1938 and 1939, the State of New York maintained three intake gates at Forestport each three feet square, from which water was taken from the Black River at Forestport, in quantities varying from one-half foot to three feet in depth and three feet wide, and turned by the State of New York, its officials, agents and employees, into the Forestport feeder, which leads to the Black River Canal at Boonville, and continues to flow southerly down Black River Canal into the Lansing Kill and eventually into Lake Delta, which is a New York State reservoir for the Barge Canal.''

" From Lansing Kill to Boonville there is no other stream to carry off the water to some other place, all the water turned in must pass through the Lansing Kill.''

" That in the years 1938 and 1939, claimants' lands were flooded, damaged and destroyed by waters passing through and over the channel and banks of the Lansing Kill Creek.

" That said damages were caused during the months of April to November in each of the years 1938 and 1939.

" In 1938 and 1939, the land of the claimants was docked to protect it by trees, logs, stones, brush, etc., to try to protect the banks of the stream and said land.''

" Claimants' land was washed away and cows swept away in crossing the creek in the middle of the summer, and not at a time when the State water was not turned in.''

" Water in said stream was much higher in the summer months, and water was turned into Lansing Kill by the State of New York from May to December during the time the damage was done.''

The evidence offered on behalf of the claimants is sufficient, if uncontradicted or unexplained, to warrant a finding by the court that the State is liable in damages. Findings to the contrary made by the Court of Claims are against the weight of the evidence.

The judgment in each case should be reversed upon the law and the facts, and a new trial granted, without costs of this appeal to either party.

Certain findings of fact and conclusions of law are reversed and disapproved.

All concur. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and HARRIS, JJ.

In Claim No. 25986: Judgment reversed on the law and facts and a new trial granted, without costs of this appeal to either party. Certain findings of fact and conclusions of law disapproved and reversed.

In Claim No. 25987: Judgment reversed on the law and facts and a new trial granted, without costs of this appeal to either party. Certain findings of fact and conclusions of law disapproved and reversed.