■ Frank Mully, Plaintiff, and Louise Mully, Appellant, v Robert K. Drayn et al., Respondents.—Order unanimously affirmed, with costs. Memorandum: Plaintiff appeals from an order denying her motion to vacate a 1971 judgment in this boundary line dispute on the basis of newly discovered evidence (CPLR 5015, subd [a], par 2). During the trial, the critical issue was the location of the starting point for the deed descriptions, described as the point where Route 64 and the southern boundary line of town Lot No. 5 intersected. The disputed boundary line between the properties of the parties was located 375 feet northerly of this point. Relying upon 1964 State highway maps showing the intersection of Route 20A and Route 64, the parties located the south line of town Lot No. 5 at the center line of Route 20A. In 1974 appellant moved to vacate the judgment, alleging that a newly discovered highway map, dated in 1923, established that Route 20A had been relocated subsequent to the date of the deeds and that the new proof would establish the boundary line further south in plaintiff's favor. Applications pursuant to CPLR 5015 (subd [a], par 2) to vacate a judgment on the grounds of newly discovered evidence are addressed to the discretion of the trial court, and an appellate court will not interfere with the decision unless the trial court has abused its discretion *(Buckman v Perry's Taxi*, 24 AD2d 913, 914; see, also, *Cornwell v Safeco Ins. Co. of Amer.,* 42 AD2d 127, 134). The moving party must show to the trial court's satisfaction that the newly discovered evidence is material, is not merely cumulative, is not of such a nature as would merely impeach the credibility of an adverse witness and that it would probably change the result if a new trial were granted. He must also show that the evidence has been discovered since the trial and could not have been discovered before the trial by the exercise of due diligence *(Cornwell v Safeco Ins. Co. of Amer., supra,* p 134; see, also, CPLR 5015, subd [a], par 2). Appellant's application is based upon a 1923 State map, a public record which existed at the time of trial, was discoverable by ordinary diligence and was subject to subpoena. It is not evidence of the nature which will warrant vacating the 1971 judgment *(Daly v State of New York,* 262 App Div 661, 664, affd 288 NY 551; see, also, *Collins v Central Trust Co. of Rochester,* 226 App Div 486, 488). Furthermore, appellant has not demonstrated that receipt of the evidence would probably result in a different determination upon retrial. (Appeal from order of Ontario Supreme Court in action to establish boundary line of property.) Present— Marsh, P. J., Simons, Mahoney, Goldman and Witmer, JJ.

■ John T. Brooks, Individually and as Father and Natural Guardian