■ John Andrews, Respondent-Appellant, v Robert Z. Srogi, as Commissioner of Assessment of the City of Syracuse, Appellant-Respondent. (Appeal No. 1.)—Judgment and orders unanimously affirmed, with costs to petitioner. Memorandum: Respondent commissioner appeals and petitioner Andrews cross-appeals from a judgment which reduced tax assessments on petitioner's vacant parcel of land fronting on South Salina Street, Webster Avenue and West Colvin Street in the City of Syracuse. Petitioner sought review of the assessments for the years 1972 through 1978. For each of those years the property was assessed at $48,000. The trial court found that the property had a full market value of $60,000 throughout this span of time and applying the agreed upon equalization rates for those years, fixed the assessments at $27,000 for 1972, $25,800 for 1973 and 1974, $24,000 for 1975 and 1976, and $22,800 for 1977 and 1978. The judgment is affirmed for the reasons stated in the decision of the trial court. We add only that the court's rejection of respondent's appraisal of two groups of sales of properties improved by residences, was also justified on the basis that those sales were assemblages. Respondent also appeals from two orders denying his motions for a new trial. The tax review proceedings were concluded on September 14, 1978. In March, 1979 and again in May, 1979, respondent moved for a new trial on the ground of newly discovered evidence relating to the proposed sale of the property to the United States Postal Service for use as a post office. The moving papers in the May application contained the additional information that the negotiations between petitioner and the postal service had been concluded; that a contract had been signed for the sale of the property for $100,000; that the property had been appraised for the postal service at $100,000; and that the closing was scheduled for July, 1979. Since the postal service is immune from local zoning ordinances, the 1979 sale bears minimal relationship to the true value of the property for the years 1972-1978, during which it was zoned Residential AA. The parties agree that had the zoning been more permissive, the property would have had a much higher value. Respondent has failed to show any probability of a different result had this evidence been available at trial (CPLR 5015, subd [a], par 2; *Mully v Drayn,* 51 AD2d 660). (Appeals from orders and judgment of Onondaga Supreme Court—Real Property Tax Law, art 7.) Present—Dillon, P. J., Simons, Hancock, Jr., Callahan and Witmer, JJ.

■ John Andrews, Respondent-Appellant, v Robert Z. Srogi, as Commissioner of Assessment of the City of Syracuse, Appellant-Respondent. (Appeal No. 2.)—Order unanimously modified, by deleting the award of additional allowances, pursuant to CPLR 8303, and, as modified, affirmed, without costs. Memorandum: In this tax review proceeding, the court granted petitioner additional costs and allowances under CPLR 8303 (subd [a], par 2) and under subdivision 1 of section 722 of the Real Property Tax Law. While the award of costs under subdivision 1 of section 722 of the Real Property Tax Law was proper, additional costs and allowances under the CPLR may not be granted in a tax review proceeding *(Grant Co. v Srogi,* 71

AD2d 457). (Appeals from order of Onondaga Supreme Court—Real Property Tax Law, art 7.) Present—Dillon, P. J., Simons, Hancock, Jr., Callahan and Witmer, JJ.