■ OLWINE, CONNELLY, CHASE, O'DONNELL & WEYHER, Appellant, v VALSAN, INC., et al., Respondents. [640 NYS2d 72] —Order, Supreme Court New York County (Walter M. Schackman, J.), entered February 4, 1994 which granted the defendants' motion pursuant to CPLR 5015 (a) (2) to vacate a judgment of the same court (Myriam J. Altman, J.), entered in plaintiff's favor on February 8, 1994, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, and the defendants' motion denied.

In this action to recover for legal services rendered, summary judgment was granted in favor of the plaintiff law firm upon the trial court's findings that defendants-respondents' controller, in a letter dated July 13, 1992, acknowledged the debt to plaintiff, conceded the amount owed and offered to pay a significant percentage thereof and, that defendants failed to present sufficient evidence of timely objection to the plaintiff's bills. Some four months after entry of the judgment upon the motion, defendants-respondents moved by order to show cause for an order pursuant to CPLR 5015 (a) (2) vacating the judgment based upon alleged newly discovered evidence. The evidence consisted of a handwritten memorandum dated "3/19/92" by defendants' chairman to himself containing notes

concerning a telephone conversation with a clerk at plaintiff's firm regarding the bills.

While applications pursuant to CPLR 5015 (a) (2) are addressed to the discretion of the trial court (*Mully v Drayn*, 51 AD2d 660), we find that it was an improvident exercise of discretion for the court to have granted the motion based upon the so-called new evidence presented by the defendants-respondents. The party seeking relief pursuant to CPLR 5015 (a) (2) must show that the newly discovered evidence is material, is not merely cumulative, is not of such a nature as would merely impeach the credibility of an adverse witness and that it would probably change the result previously reached. It must also be shown that the material could not have been discovered previously by the exercise of due diligence (*Cornwell v Safeco Ins. Co.*, 42 AD2d 127, 134). In this case, the circumstances of discovery of the material in question do not meet the above requirements. Moreover, it does not appear that the result should have been different if the memorandum had been presented in opposition to the plaintiff's motion for summary judgment in light of the documentary evidence that defendants acknowledged the debt owed and offered to pay a substantial percentage over four months after the memorandum was allegedly written. Concur—Murphy, P. J., Wallach, Ross, Nardelli and Tom, JJ.