■ FEDERAL HOME LOAN MORTGAGE CORPORATION, Respondent, v JOHN NAPPY, Appellant, et al., Defendants. [678 NYS2d 642] —In an action to foreclose a mortgage, the defendant John Nappy appeals from (a) an order of the Supreme Court, Nassau County (DeMaro, J.), dated June 17, 1997, which denied his motion pursuant to CPLR 5015 (a) (2) and (3) to vacate a previous order of the same court, dated June 16, 1992 (Kutner, J.), denying his motion, in effect, to stay the foreclosure sale of the subject premises, and (b) an order of the same court (DeMaro, J.), also dated June 17, 1997, which denied his motion to vacate the judgment of foreclosure.

Ordered that the orders are affirmed, with one bill of costs.

The appellant, John Nappy, defaulted in making the mortgage payments on his property, in consequence of which the plaintiff obtained a judgment of foreclosure and sale against him on April 29, 1991. However, on July 23, 1991, the plaintiff and the appellant entered into a stipulation according to which the appellant could prevent the sale of the subject premises if he paid the plaintiff $3,428.56 in combined arrears and current mortgage installments on the first day of every month for 11 months. In the event of a default, the plaintiff could proceed with the foreclosure sale, without further notice to the appellant. The appellant again defaulted almost immediately, and the plaintiff proceeded to foreclose. The appellant's first attempt to stay the sale was denied on June 16, 1992, by Justice Kutner, who found, among other things, that the appellant failed to make proper payments under the stipulation, and that the payments the appellant tendered were concededly untimely. The instant orders which are the subject of these appeals denied motions which sought, *inter alia,* to vacate both Justice Kutner's order and the judgment of foreclosure on the

ground of "newly discovered evidence". Both motions relied upon the same claim the appellant raised in the earlier motion to stay the sale, which is that he had made all of the payments required by the stipulation, but that the plaintiff lost or simply failed to cash some of the checks, with the result that he was declared to be in default due either to the plaintiff's error or bad faith.

The orders must be affirmed. The record reflects that virtually all of the appellant's post-stipulation payments were late and fell short of the full amounts owed. The appellant was therefore in violation of the terms of his agreement with the plaintiff, and the plaintiff was thereafter entitled, under the agreement, to immediately continue the foreclosure proceedings and re-schedule the sale (see, Iacobacci v McAleavey, 222 AD2d 406; New York Bank for Sav. v Cortlandt St., 106 AD2d 496).

The jumble of checks and receipts submitted by the appellant in support of the motion pursuant to CPLR 5015 (a) (2) did not establish full and timely payment, and therefore would not have led to a different result on the original motion (see, e.g., Olwine, Connelly, Chase, O'Donnell & Weyher v Valsan, Inc., 226 AD2d 102; Gorman, Naim & Musa, M.D., P. C. v ABJ Fire Protection, 195 AD2d 1063). Finally, the appellant failed to adduce any evidence of misconduct on the part of the plaintiff (see, CPLR 5015 [a] [3]). Sullivan, J. P., Altman, Friedmann and McGinity, JJ., concur.