■ Dorca D. Ramos et al., Respondents, v 1199 Housing Corporation, Defendant and Third-Party Plaintiff-Appellant. Watchdog Patrols, Inc., Third-Party Defendant-Appellant. [774 NYS2d 346]—

In an action, inter alia, to recover damages for wrongful death, the defendant third-party plaintiff appeals and the third-party defendant separately appeals from an order of the Supreme Court, Kings County (Johnson, J.), dated October 25, 2002, which granted the plaintiffs' motion pursuant to CPLR 5015 (a) (2) to vacate on the ground of newly-discovered evidence, an order of the same court (Golden, J.), dated August 1, 1997, granting their separate motions for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is denied, and the order dated August 1, 1997, is reinstated.

In 1991 the daughter of the plaintiff Dorca Diaz Ramos was murdered in her apartment. The assailant was not apprehended. The plaintiffs subsequently commenced this action against 1199 Housing Corporation (hereinafter 1199), the owner of the building, which, in turn, impleaded Watchdog Patrols, Inc. (hereinafter Watchdog), the security company it retained to provide security for the building. By order dated August 1, 1997, the Supreme Court granted the separate motions of 1199 and Watchdog for summary judgment dismissing the complaint and the third-party complaint, respectively. This Court affirmed that order, determining that the plaintiffs "adduced no factual support for the contention that the assailant was an intruder who gained entry to the building by virtue of the alleged negligence of 1199" (*Ramos v 1199 Hous. Corp.*, 253 AD2d 806, 807 [1998]). Consequently, no question of fact was raised as to whether the conduct of 1199 was a proximate cause of the occurrence (*id.* at 807).

In June 2001 Richard Fontenez pleaded guilty to the crime, but his plea allocution provided no details of its circumstances. In or about June 2002 the plaintiffs moved pursuant to CPLR 5015 (a) (2) to vacate the order dated August 1, 1997, on the ground of newly-discovered evidence.

The Supreme Court improvidently exercised its discretion in granting the plaintiffs' motion since they failed to demonstrate that the new evidence would probably have led to a different result on the summary judgment motions (*see* CPLR 5015 [a] [2]; *Federal Home Loan Mtge. Corp. v Nappy*, 254 AD2d 323 [1998]; *Mattwell v Mattwell*, 220 AD2d 727 [1995]). While the identity of the perpetrator is now known, there was no evidence that negligent maintenance or inadequate security enabled him to gain access to the building (*cf. Burgos v Aqueduct Realty*

*Corp.*, 92 NY2d 544 [1998]). Consequently, there is still no evidence that "the conduct of 1199 constituted a proximate cause of the occurrence" (*Ramos v 1199 Hous. Corp., supra* at 807).

In light of our determination, it is unnecessary to address the appellants' remaining contention. Altman, J.P., Florio, Luciano and Mastro, JJ., concur.