██ In the Matter of the Estate of DOROTHY CATAPANO, Deceased. STUART GRUNTHER, Respondent; JOSEPH CATAPANO et al., Appellants. [794 NYS2d 403]—

In a proceeding to revoke letters of administration issued to Joseph Catapano for the estate of Dorothy Catapano, and to be issued letters of administration, Joseph Catapano and Joan Catapano appeal from an order of the Surrogate's Court, Suffolk County (Czygier, S.), dated October 12, 2004, which denied their motion to vacate a decree of the same court dated June 13, 2003.

Ordered that the order is affirmed, with costs payable by the appellants personally.

The appellants moved pursuant to CPLR 5015 (a) (2) to vacate a decree of the Surrogate and for a new trial based upon evidence that was not available at the time of the trial to determine whether the petitioner was the decedent's common-law husband (*see Matter of Catapano,* 17 AD3d 672 [2005] [decided herewith]). Subsequent to the trial, the appellants discovered, inter alia, a life insurance application form in which the decedent indicated that she was single. The Surrogate denied the appellant's motion, finding, inter alia, that the introduction of new evidence would not have changed the result of the trial.

"The party seeking relief pursuant to CPLR 5015 (a) (2) must show that the newly discovered evidence is material, is not merely cumulative, is not of such a nature as would merely impeach the credibility of an adverse witness and that it would probably change the result previously reached" (*Olwine, Connelly, Chase, O'Donnell & Weyher v Valsan, Inc.*, 226 AD2d 102, 103 [1996]; *see Ramos v 1199 Hous. Corp.*, 6 AD3d 416 [2004]). In addition, it must be shown that the new evidence could not have been discovered previously by the exercise of due diligence (*see Olwine, Connelly, Chase, O'Donnell & Weyher v Valsan, Inc., supra* at 103). The new evidence submitted by the appellants failed to rebut testimony presented at trial which constituted clear and convincing evidence of a verbal exchange between the petitioner and the decedent to enter into a present legal relationship of common-law marriage in the State of Pennsylvania. Accordingly, the Surrogate's finding that petitioner and the decedent entered into a common-law marriage would not have been altered due to the introduction of this newly discovered evidence. Prudenti, P.J., Cozier, Ritter and Spolzino, JJ., concur.