■ KENNETH W., JR., et al., Appellants, v BOARD OF EDUCATION OF THE CITY OF MOUNT VERNON, Respondent. [861 NYS2d 742]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Nastasi, J.), entered February 28, 2007, which denied their motion, inter alia, pursuant to CPLR 5015 (a) (2) to vacate a prior order of the same court entered March 11, 2004, granting the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for an in camera inspection of the files maintained by the Edwards Williams Elementary School, Mount Vernon, New York, pertaining to student Joshua B., and thereafter, for a new determination of the plaintiffs' motion.

The defendant advised the Supreme Court, Westchester County, through a letter from its newly-retained counsel, that it previously failed to disclose certain documentation relevant to the incident that gave rise to this action. Counsel also averred that the documents in question would have been discoverable had the court conducted an in-camera inspection of the files maintained by the Edwards Williams Elementary School, Mount Vernon, New York, pertaining to student Joshua B.

Based on the foregoing, the plaintiffs' motion to vacate the order granting the defendant's motion for summary judgment dismissing the complaint was premature insofar as the purported newly-discovered evidence on which the motion to vacate was based has not yet been disclosed and thus, it cannot be determined at this juncture whether the new evidence would probably have led to a different result on the summary judgment motion (*see generally Ramos v 1199 Hous. Corp.*, 6 AD3d

416 [2004]; *Federal Home Loan Mtge. Corp. v Nappy*, 254 AD2d 323 [1998]; *Mattwell v Mattwell*, 220 AD2d 727 [1995]).

The parties' remaining contentions need not be reached in light of our determination. Spolzino, J.P., Skelos, Lifson and McCarthy, JJ., concur.