■ In the Matter of GENT UNIFORM RENTAL CORP., Appellant, v COUNTY OF SUFFOLK DEPARTMENT OF LABOR, Respondent. (Proceeding No. 1.) In the Matter of GENT UNIFORM RENTAL CORP., Appellant, v COUNTY OF SUFFOLK et al., Respondents. (Proceeding No. 2.) [901 NYS2d 301]—

In a proceeding pursuant to CPLR article 78 to review a determination of the County of Suffolk Department of Labor dated August 14, 2006, finding that the petitioner failed to comply with the Living Wage Law of the County of Suffolk, Local Law 12-2001, in performing a contract to supply certain uniforms, and that the petitioner must pay back wages and compensation for time off for certain employees (proceeding No. 1), and a related proceeding pursuant to CPLR article 78, in effect, to review a determination of the County of Suffolk dated March 6, 2007, awarding a contract to UniFirst Corporation to supply uniforms, and to compel the County of Suffolk Department of Labor to conduct rebidding on the contract (proceeding No. 2), the petitioner appeals from (1) a judgment of the Supreme Court, Suffolk County (Baisley, J.), entered June 30, 2008, which, upon a decision dated June 11, 2007, denied the petition in proceeding No. 1, directed an award on the counterclaims in proceeding No. 1 for (a) wage restitution for each covered employee during the period of January 1, 2004, through April 30, 2007, and (b) an accounting of the petitioner's books and records, found that the petitioner was ineligible for future contracts with the County of Suffolk, directed the petitioner to produce for examination its books and records related to the payment of compensation to all employees from January 1, 2004, to April 30, 2007, compelled the petitioner to submit to depositions until the County of Suffolk Department of Labor has completed its examination of the petitioner's books and records, and directed an inquest to assess the amount of penalties to be awarded to the County of Suffolk Department of Labor on the counterclaims, (2) an order of the same court dated June 12, 2008, which denied the petitioner's motion for leave to renew the petition in proceeding No. 1 and to consolidate proceeding No. 1 with proceeding No. 2, and (3) an order and judgment (one paper) of the same court dated November 6, 2008, which granted the motion of the County of Suffolk and the Commissioner of Public Works of the County of Suffolk, and the separate motion of UniFirst Corporation to dismiss proceeding No. 2 pursuant to CPLR 3211, in effect, denied the petitioner's motion for leave to conduct depositions as academic, and dismissed proceeding No. 2.

Ordered that the judgment entered June 30, 2008, the order dated June 12, 2008, and the order and judgment dated November 6, 2008, are affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The petitioner entered into a contract with the County of Suffolk to provide certain uniforms for county employees for the period of May 1, 2005, to April 30, 2007. The contract contained clear and unambiguous language stating that the County's Living Wage Law, Local Law 12-2001 (hereinafter the Living Wage Law), which set a minimum wage and required certain benefits to be paid to the petitioner's employees, applied to the contract, and that the petitioner agreed to comply with that law upon execution of the contract. Thus, contrary to the petitioner's contention, it was required to comply with the Living Wage Law in its performance of the contract (see Willsey v Gjuraj, 65 AD3d 1228 [2009]). The record establishes that the petitioner failed to comply with the Living Wage Law and, thus, the Supreme Court properly denied the petition in proceeding No. 1.

The Supreme Court properly granted the motion of the County of Suffolk and the Commissioner of Public Works of the County of Suffolk, and the separate motion of UniFirst Corporation (hereinafter UniFirst), which was awarded a contract to supply uniforms to the employees of the County, to dismiss proceeding No. 2 pursuant to CPLR 3211. The petitioner lacks standing to challenge the County of Suffolk's award of the contract to UniFirst to supply uniforms, which is the subject of that proceeding. Since the petitioner's prior contract to supply uniforms was terminated and the petitioner was disqualified from bidding on future contracts with the County for the supply of uniforms, there was no injury to the petitioner due to the award of the contract to UniFirst Corporation (see Maraia v Orange Regional Med. Ctr., 63 AD3d 1113 [2009]. Furthermore, the petitioner failed to show that the alleged injury fell within the zone of interests sought to be protected by law (see Matter of Montano v County Legislature of County of Suffolk, 70 AD3d 203 [2009]).

The Supreme Court also properly denied the petitioner's motion for leave to renew the petition in proceeding No. 1 and to consolidate proceeding No. 1 with proceeding No. 2. The petitioner's newly-discovered evidence allegedly demonstrating that UniFirst was not compliant with the Living Wage Law in performing its contract with the County would not have changed the Supreme Court's prior determination in proceeding No. 1 to deny the petition. Regardless of any alleged noncompliance by UniFirst, the petitioner still breached its prior contract with the

County by failing to comply with the Living Wage Law and, thus, that contract was properly cancelled (*see Ramos v 1199 Hous. Corp.*, 6 AD3d 416 [2004]). Dillon, J.P., Miller, Eng and Roman, JJ., concur.