# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**601**

**CAF 10-00596**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, GREEN, AND GORSKI, JJ.

---

IN THE MATTER OF WILLIAM C.B.
-------------------------------------

ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;                                    MEMORANDUM AND ORDER

JUDY B., RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

CHARLES J. GREENBERG, BUFFALO, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), FOR WILLIAM
C.B.

---

Appeal from an order of the Family Court, Erie County (Patricia
A. Maxwell, J.), entered February 2, 2010 in a proceeding pursuant to
Social Services Law § 384-b.  The order terminated the parental rights
of respondent.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  In appeal No. 1, respondent mother appeals from an
order terminating her parental rights with respect to her son on the
ground of mental illness.  Contrary to the mother's contention, we
conclude that petitioner met its burden of demonstrating by clear and
convincing evidence that she is "presently and for the foreseeable
future unable, by reason of mental illness . . ., to provide proper
and adequate care for [the] child" (Social Services Law § 384-b [4]
[c]; *see Matter of Anthony C.*, 280 AD2d 1000).  The mother's further
contention in appeal No. 1 that Family Court erred in failing to
conduct a separate dispositional hearing is unpreserved for our review
and, in any event, that contention lacks merit (*see Matter of Keyarei
M.*, 71 AD3d 1510, *lv denied* 14 NY3d 712).

In appeal No. 2, the mother appeals from an order denying her pro
se motion seeking to vacate the order in appeal No. 1.  To the extent
that the motion was based upon newly discovered evidence, the mother
failed to show that such evidence could not have been discovered
previously by the exercise of due diligence, or that it would have
altered the outcome of the proceeding (*see Matter of Catapano*, 17 AD3d
673, 674).  Nor did the mother demonstrate that she was deprived of

effective assistance of counsel, the alternative ground alleged by the mother for vacatur (*see generally Matter of Leo UU.*, 288 AD2d 711, 713, *lv denied* 97 NY2d 609).

Entered:  April 29, 2011                         Patricia L. Morgan
                                                 Clerk of the Court