██ Michael C. Trimarco, Appellant, v Data Treasury Corporation, Respondent. [46 NYS3d 640]—

In an action to recover damages for breach of contract and for a judgment declaring that a stock option grant is valid and enforceable, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Pines, J.), dated June 6, 2014, which denied his motion pursuant to CPLR 4404 (b) to set aside a decision of the same court dated October 30, 2013, made after a nonjury trial, and for judgment as a matter of law, and pursuant to CPLR 5015 (a) (3), in effect, to vacate a judgment of the same court dated December 10, 2013, entered upon the decision, (2) an order of the same court dated December 18, 2014, which denied his motion, inter alia, in effect, pursuant to CPLR 5015 (a) to vacate the judgment, and (3) an order of the same court dated February 10, 2015, which denied his motion to compel the defendant's attorneys to preserve and produce for inspection certain documents.

Ordered that the orders are affirmed, with one bill of costs.

Pursuant to CPLR 4404 (b), after a nonjury trial, a court may, on the motion of a party or its own motion, set aside its decision and make new findings of fact or conclusions of law (*see Paterno v Strimling*, 107 AD3d 1233, 1234 [2013]). Such a motion must be made within 15 days after the submission of the court's decision (*see* CPLR 4405). A party is entitled to only one posttrial motion and must raise every available ground for relief in that single motion (*see* CPLR 4406). In the case of a nonjury trial, a motion pursuant to CPLR 4404 is subject to the same standard of review as findings in a nonjury trial generally (*see Paterno v Strimling*, 107 AD3d at 1235).

Here, that branch of the plaintiff's motion which was pursuant to CPLR 4404 (b) to set aside the Supreme Court's decision was untimely under CPLR 4405, and the plaintiff failed to demonstrate good cause for the delay (*see Rice v Rice*, 135 AD3d 928, 929 [2016]), and it was also an improper third motion for relief in violation of CPLR 4406. In any event, the plaintiff failed to present grounds to set aside the decision or vacate the judgment entered upon the decision other than conclusory and unsubstantiated attacks on the court's credibility determinations and additional evidence that was available at the time of trial. Accordingly, the court properly denied the plaintiff's motion to set aside the decision pursuant to CPLR 4404 (b) and, in effect, to vacate the judgment entered upon the decision pursuant to CPLR 5015 (a) (3).

The Supreme Court also properly denied the plaintiff's subsequent motion, in effect, to vacate the judgment pursuant

to CPLR 5015 (a). CPLR 5015 (a) (2) and (3) provide that, on motion, the court that rendered a judgment may relieve a party from the judgment on the grounds of newly discovered evidence or of fraud, misrepresentation, or misconduct of an adverse party, respectively. Where the party seeks relief on the basis of newly discovered evidence, that party must explain why the evidence could not have been produced prior to trial and the entry of the judgment with the exercise of due diligence (*see Davi v Occhino*, 116 AD3d 651, 653 [2014]; *Yellow Book of N.Y., L.P. v Cataldo*, 106 AD3d 1080 [2013]; *Matter of Catapano*, 17 AD3d 673, 674 [2005]). In addition, the party seeking relief must demonstrate that the evidence " 'is material, is not merely cumulative, is not of such a nature as would merely impeach the credibility of an adverse witness and that it would probably change the result previously reached' " (*Matter of Catapano*, 17 AD3d at 674, quoting *Olwine, Connelly, Chase, O'Donnell & Weyher v Valsan, Inc.*, 226 AD2d 102, 103 [1996]). Where the motion is based upon allegations of fraud, misrepresentation, or misconduct of an adverse party, the party seeking to set aside the judgment "will not prevail by merely showing fraud in the underlying transaction but must show fraud in the very means by which the judgment was procured" (*Rossrock Fund II, L.P. v Norlin Corp.*, 128 AD3d 1046, 1047 [2015] [internal quotation marks omitted]; *see Bongiasca v Bongiasca*, 289 AD2d 121, 122 [2001]; *Caiola v Allcity Ins. Co.*, 257 AD2d 586, 588 [1999]). Since the plaintiff failed to offer evidence other than his own conclusory and unsupported affidavit, the court properly denied his subsequent motion, in effect, to vacate the judgment.

Finally, the Supreme Court properly denied the plaintiff's motion to compel the defendant's attorneys to preserve and produce for inspection certain documents generated by them after the entry of a judgment in this matter. Rivera, J.P., Roman, Cohen and Miller, JJ., concur.