■ FRANCO DI BERNARDO et al., Respondents, v ROBERT GUNNESON, Appellant.—Appeal from a judgment of the Supreme Court, entered October 19, 1977 in Fulton County, upon a verdict rendered at a Trial Term in favor of plaintiff. Defendant was a builder who had contracted to build a house for plaintiffs. Plans and specifications, with certain modifications, were agreed upon by the parties and work commenced. When work ceased because of the disagreement of the parties, the plaintiffs had paid the defendant builder some $17,000 of the agreed price of $32,500. No further work was done on the partially completed house. The plaintiffs commenced this action for breach of contract. The defendant answered and counterclaimed for money allegedly owed him for work he had completed. After a jury trial, a verdict was returned in favor of the plaintiffs for $30,000, with no cause of action on the builder's counterclaim. A posttrial motion for a new trial was denied. On this appeal, defendant urges that the plaintiffs failed to prove damages and did not make out a prima facie case. On the plaintiffs' behalf there was proof offered by a home builder that the fair and reasonable cost of completing the house after the work thereon discontinued would be $34,800,

not including the cost of removing and replacing a roof estimated at another $10,000 to $12,000. The witness testified there had been some changes in the specifications which he had taken into consideration and acknowledged that there were other changes which were not reflected in his estimate. An architect testifying on behalf of the plaintiffs offered an opinion that the roof as constructed by the defendant was unsafe and would cost $9,900 to replace. He further testified that the value of the work completed by the defendant at the time of the alleged breach of contract, not including the cost to correct deficiencies, was approximately $10,000. Thus, the plaintiffs presented proof by competent witnesses that their damages exceeded $30,000, the amount assessed by the jury. On such testimony a prima facie case was made. Defendant urges that the plaintiffs' proof of damages was insufficient since no evidence was offered as to the actual costs incurred by the plaintiffs to complete the house, but rather plaintiffs proceeded on the theory that their damages were the fair and reasonable market cost of curing the breach. Where defects in construction are substantial such as to render a building partially unsafe, the measure of damages is the market price of completing or correcting the performance *(Bellizzi v Huntley Estates,* 3 NY2d 112). The Trial Judge correctly charged the jury as to the proper measure of plaintiffs' damages and, in any event, defendant did not take exception therefrom so as to preserve the issue for our review. Defendant's last argument that a new trial should have been granted on the ground of newly discovered evidence must also fail. The "new evidence" was the posttrial discovery that at the time of the trial plaintiffs had substantially completed the building of their house. Such motions are directed to the discretion of the trial court and will not be disturbed unless we find an abuse of discretion *(Buckman v Perry's Taxi,* 24 AD2d 913). Proof as to the degree of completion was available to the defendant's attorney prior to and during the trial at which the plaintiffs testified. The record indicates the defendant had been urged by two Trial Judges to utilize pretrial discovery proceedings and did not do so. We concur with the observation of Mr. Justice Crangle that "Defendant's failure to utilize pretrial procedures to develop readily obtainable evidence which may have been helpful to his case may not now be the basis for a motion to set aside the verdict". Judgment affirmed, with costs. Mahoney, P. J., Greenblott, Larkin, Mikoll and Herlihy, JJ., concur.