■ PETER DEMAS, Respondent, v E&R QUILTING CORP., Appellant, et al., Defendants. — In a negligence action to recover damages for personal injuries, defendant E&R Quilting Corp. appeals (1) as limited by its brief, from so much of an interlocutory judgment of the Supreme Court, Kings County (Dowd, J.), dated April 21, 1984, as is in favor of the plaintiff and against it upon a jury verdict after a trial on the issue of liability only and (2) from an order of the same court, dated July 23, 1984, which denied its motion to set aside the verdict and for judgment in its favor or for a new trial pursuant to CPLR 4404 upon the ground of newly discovered evidence.

Interlocutory judgment affirmed insofar as appealed from and order affirmed, with one bill of costs to respondent and to defendants Bush Terminal Hardware Co., Inc., and Radiator Specialties Co., Inc., appearing separately and filing separate briefs.

A fair interpretration of the evidence supports the jury verdict rendered in plaintiff's favor as against defendant E&R Quilting Corp. (hereinafter E&R), the owner of the building where the accident resulting in plaintiff's injury occurred. It is well settled that an owner of a building has a duty to exercise reasonable care to keep the premises in a reasonably safe condition (*Basso v Miller,* 40 NY2d 233) and the issue of what precautions may reasonably be required of an owner is generally a question of fact for the jury (*see, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507). In the case at bar, the evidence, fairly interpreted, could have led the jury to reasonably conclude that E&R maintained control of the subject premises, that it had notice that flammables were being stored in a room in which welding operations were conducted, that the room was inadequately ventilated, and that E&R acted unreasonably in failing to take steps to prevent just the sort of accident which occurred here. Accordingly, the court properly declined to disturb the jury verdict (*Nazito v Holton,* 96 AD2d 550; *Palermo v Gambitsky,* 92 AD2d 1005). Moreover, E&R failed to establish that the documents which it discovered a few days after the trial could not have been timely obtained by the exercise of due diligence, since most of the documents (corporate records on file with the Secretary of State) were a matter of public record. E&R, therefore, was not entitled to judgment in its favor or to a new trial on the basis of newly discovered evidence (*DiBernardo v Gunneson,* 65 AD2d 828; *Mully v Drayn,* 51 AD2d 660). Mollen, P. J., Lazer, Mangano and Brown, JJ., concur.