■ GARY FELDSTEIN, Respondent, v JACK ROUNICK et al., Appellants. [714 NYS2d 689] —In an action, *inter alia,* for specific performance of a contract to sell real property, the defendants separately appeal from (1) an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated January 31, 2000, which, *inter alia,* granted the plaintiff's cross motion for summary judgment, and (2) a judgment of the same court, entered February 8, 2000, which directed specific performance of the contract.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The record demonstrates, as a matter of law, that the plaintiff buyer was ready, willing, and able to perform his obligations under the contract, even though his tender of performance was excused by the defendant seller's anticipatory

breach (*see, Cohn v Mezzacappa Bros.*, 155 AD2d 506; *Jewell v Rowe*, 119 AD2d 634, 635; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067). Accordingly, the plaintiff's cross motion for summary judgment on the complaint seeking specific performance of the real estate contract dated May 24, 1993, and its subsequent amendments was properly granted (*see, S.E.S. Importers v Pappalardo*, 53 NY2d 455).

The defendants' remaining contention is without merit. Santucci, J. P., Thompson, Sullivan and Goldstein, JJ., concur.