**ULYSSES I & COMPANY, INC.,**
Plaintiff–Appellant,

v.

**Peter MORTON, Gary Feldstein, Mara Gibbs, the State of New York, Suffolk County, the Incorporated Village of East Hampton, and Edward P. Romaine, as Clerk of Suffolk County,** Defendants–Appellees.

No. 00–9189.

United States Court of Appeals, Second Circuit.

April 18, 2001.

Marc S. Dreier, Dreier & Baritz, LLP, New York, NY, for appellant.

Errol Margolin, Margolin & Pierce, LLP, New York, NY; Mathew E. Pachman, Pachman & Pachman, P.C., Commack, NY; Kevin L. Smith, Strook & Strook & Lavan, New York, NY; Theodore Sklar, Bureau Chief, General Litigation Suffolk County, Hauppage, NY, for appellee.

Present McLAUGHLIN, PARKER, and STRAUB, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of the said District Court be and it hereby is AFFIRMED.

Plaintiff-appellant Ulysses I & Company, Inc. ("Ulysses") appeals from the judgment of the United States District Court for the Eastern District of New York (Hurley, J.) entered on September 11, 2000, dismissing Ulysses' complaint, asserting claims under 42 U.S.C. § 1983 and pendent state claims, in its entirety. The district court granted the motions of Peter Morton, Gary Feldstein and Mara Gibbs (collectively "the individual defendants") and dismissed the claims against them pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject-matter jurisdiction under the *Rooker–Feldman* doctrine. The district court granted the motions of the Village of East Hampton, Suffolk County (collectively "the municipal defendants") and Edward P. Romaine as Clerk of Suffolk County and dismissed the claims against them pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim.

This dispute involves, at its center, a parcel of real property located in East Hampton, New York. Prior to the action in the Eastern District of New York, Justice Gerald D'Emilio, of the New York Supreme Court, Suffolk County, determined that Ulysses was required to convey this property to defendant Feldstein, having determined that Feldstein was entitled to specific performance of a contract for the sale of this property. Justice D'Emilio rejected Ulysses' counterclaims against Feldstein.

Under the so-called *Rooker–Feldman* doctrine, because only the United States Supreme Court can entertain an appeal to reverse or modify a state court decision, if a plaintiff's claims are "inextricably intertwined" with a state court's determinations, a federal district court is without jurisdiction to hear those claims. *See Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 198 (2d Cir. 1996) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *Feldman v. District of Columbia Court of Appeals*, 460 U.S. 462, 482–84 n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)). We affirm the district court's conclusion that Ulysses' claims against the individual defendants are barred under the *Rooker–Feldman* doctrine, because these claims all require, at least in part, a determination that Ulysses has property rights in the premises at issue. As such, an adjudication of these claims would necessitate review of Justice

D'Emilio's decision, which is plainly prohibited by *Rooker–Feldman.*

■ The district court's dismissal of the 42 U.S.C. § 1983 claims against the municipal defendants was also proper. To demonstrate municipal liability under § 1983, a plaintiff must prove the existence of a municipal policy, practice or custom that is the cause of the plaintiff's injury. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694–95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Such a policy may be inferred from circumstantial proof, but the mere assertion that a municipality has such a policy is generally insufficient to support such an inference. *See Dwares v. City of New York,* 985 F.2d 94, 100 (2d Cir.1993). "A single incident alleged in a complaint, especially if it involved only actors below the policymaking level, generally will not suffice to raise an inference of the existence of a custom or policy." *Id.* The district court concluded, and we agree, that the allegations in the complaint concerning the municipal defendants fail to state a claim under § 1983 because they allege no municipal practice or policy.

We have considered Ulysses' remaining arguments and find them to be without merit.

Appellees Morton and Gibbs have moved for sanctions against Ulysses pursuant to Fed.R.App.P. 38, which provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." We hereby DENY this motion.

For the reasons set forth above, the judgment of the district court is AFFIRMED.