■ GARY FELDSTEIN, Respondent, v JACK ROUNICK, Defendant, and ULYSSES I & COMPANY, INC., Appellant. [743 NYS2d 735] —In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant Ulysses I & Company, Inc., appeals from so much of (1) an order of the

Supreme Court, Suffolk County (Jones, J.), dated May 14, 2001, as denied its motion for leave to renew the plaintiff's cross motion for summary judgment, and (2) an order of the same court, dated October 2, 2001, as denied its motion for leave to renew and/or reargue the order dated May 14, 2001, and granted the plaintiff's cross motion for reargument, and, upon reargument, inter alia, reinstated a judgment of the same court dated February 7, 2000, which directed specific performance of the contract.

Ordered that the appeal from the order dated May 14, 2001, is dismissed, as that order was superseded by the order dated October 2, 2001, made upon reargument; and it is further,

Ordered that the appeal from so much of the order dated October 2, 2001, as denied that branch of the appellant's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the order dated October 2, 2001, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court initially granted summary judgment to the plaintiff and issued a judgment dated February 7, 2000, which, inter alia, directed specific performance of a contract for the sale of real property. The judgment was affirmed on appeal (see Feldstein v Rounick, 276 AD2d 523). The appellant subsequently moved to vacate the judgment pursuant to CPLR 5015 (a) (2) and (3) and for leave to renew the plaintiff's motion for summary judgment. The Supreme Court, in the order dated May 14, 2001, vacated the judgment pursuant to CPLR 5015 (a) (3) and directed the plaintiff to submit a new judgment. However, the court adhered to its determination that the plaintiff was entitled to specific performance of the contract.

The appellant moved for leave to renew and/or reargue the order dated May 14, 2001, and the plaintiff cross-moved for leave to reargue. By order dated October 2, 2001, the Supreme Court denied the appellant's motion, granted the plaintiff's cross motion, and, upon granting reargument to the plaintiff, reinstated the judgment dated February 7, 2000. We affirm.

The Supreme Court properly denied that branch of the appellant's motion which was to vacate the judgment pursuant to CPLR 5015 (a) (3), as the appellant failed to establish that the judgment was procured by fraud, misrepresentation, or other misconduct. The Supreme Court also properly denied that branch of the appellant's motion which was based on CPLR 5015 (a) (2), as the appellant failed to show that the alleged

newly discovered evidence could not have been discovered with due diligence before entry of the judgment (*see Orix Credit Alliance v Grace Indus.,* 274 AD2d 424; *Dan's Supreme Supermarkets v Redmont Realty Co.,* 261 AD2d 353).

The appellant's remaining contentions are without merit. Smith, J.P., O'Brien, H. Miller and Cozier, JJ., concur.