■ Maor Home Sales, Inc., Respondent, v Seymour Levine, Appellant. [755 NYS2d 668] —In an action for specific performance of a contract for the sale of real property, the defendant appeals from an order of the Supreme Court, Queens County (Milano, J.), dated December 6, 2001, which denied his motion pursuant to CPLR 5015 (a) (2) to vacate an order and judgment (one paper) of the same court, dated June 1, 2001, which, upon granting the plaintiff's motion for summary judgment, was in favor of the plaintiff.

Ordered that the order is affirmed, with costs.

In this action for specific performance of a contract for the sale of real property, the Supreme Court, inter alia, granted the plaintiff's motion for summary judgment.

The Supreme Court providently exercised its discretion in denying the defendant's motion to vacate the order and judgment on the ground of newly-discovered evidence, since the allegedly newly-discovered evidence could have been discovered earlier with due diligence (*see Feldstein v Rounick,* 295 AD2d 398 [2002]; *Orix Credit Alliance v Grace Indus.,* 274 AD2d 424 [2000]; *Dan's Supreme Supermarkets v Redmont Realty Co.,* 261 AD2d 353 [1999]). In any event, the allegedly newly-discovered evidence was insufficient to raise a triable issue of fact to defeat the motion for summary judgment (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]; *Gonzalez v Chalpin,* 233 AD2d 367 [1996]; *Lanstar Intl. Realty v New York News,* 206 AD2d 411 [1994]).

The defendant's remaining contentions are without merit. Prudenti, P.J., Krausman, Goldstein and Schmidt, JJ., concur.