BRIDGEWATER OPERATING CORPORATION and ULYSSES I & COMPANY, INC., Plaintiffs–Counter–Defendants–Appellants,

Steven M. Cherniak and Charles Minch, Plaintiffs,

v.

Gary FELDSTEIN, Stroock & Stroock & Lavan LLP, Kevin Smith, Joan Taverni, Decten Fund, L.P., Andrea Benko, Mara Gibbs, Errol Margolin, Edward P. Romaine, Patrick Aube, Richard Schneider, Kenneth Brown, Gerard Larsen, Defendants–Appellees,

Peter Morton, Defendant–Counter–Claimant–Appellee.

Docket No. 02–9104.

United States Court of Appeals, Second Circuit.

Argued: Sept. 9, 2003.

Decided: Oct. 2, 2003.

Jeffrey H. Howard, Crowell & Moring, LLP, Washington, D.C. (Marc S. Dreier, Dreier LLP, New York, NY, on the brief, Boies, Schiller & Flexner LLP, Armonk, NY, of counsel), for Plaintiffs–Counter–Defendants–Appellants Bridgewater Operating Corporation and Ulysses I & Company, Inc.

Kevin L. Smith (Heidi Balk, of counsel), Stroock & Stroock & Lavan LLP, New York, NY, for Defendant–Appellee Gary Feldstein.

Errol F. Margolin (Philip Pierce, Marshall C. Berger, of counsel), Margolin & Pierce, New York, NY, for Defendant–Counter–Claimant–Appellee Peter Morton.

Before: McLAUGHLIN, CABRANES, and B.D. PARKER, Jr., Circuit Judges.

PER CURIAM.

Plaintiffs Bridgewater Operating Corporation ("Bridgewater") and Ulysses I & Company, Inc. ("Ulysses") appeal from an August 23, 2002 judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*) granting defendant Feldstein's motion to dismiss plaintiffs' claims under Fed. R.Civ.P. 12(b)(1) and 12(b)(6), and entering a permanent injunction that requires plaintiffs and their associates (i) to seek the permission of the District Court prior to filing any further federal lawsuits relating to the property at issue in the instant case, and (ii) to append the District Court's opinion and order of injunction to the first papers filed in any future state-court proceedings that relate to the property.

## BACKGROUND

This is the most recent in a series of lawsuits over the disposition of a parcel of oceanfront property in East Hampton, New York ("the Premises"). Prior to the instant case, disputes over the parties' rights to the Premises have been raised before local, state and federal courts, beginning with an action initiated by defendant Feldstein in the Supreme Court of the State of New York, Suffolk County (Gerard D'Emilio, *Justice*), in which Feldstein was awarded specific performance of his contract with Jack Rounick to purchase the property. *Feldstein v. Rounick*, No. 20970/1998 (N.Y. Sup.Ct. Suffolk County, Jan. 31, 2000). Justice D'Emilio held that Rounick had breached his purchase and sale agreement with Feldstein by attempting to sell the Premises to Ulysses and its affiliates, including Bridgewater. *Id.* Since that judgment and its affirmance on appeal, *Feldstein v. Rounick*, 276 A.D.2d 523, 714 N.Y.S.2d 689 (2d Dep't 2000), plaintiffs and their affiliates have initiated numerous actions seeking title to the Premises. The various fora in which the plaintiffs have filed suit include the East Hampton Justice Court, the United States District Court for the Eastern District of

New York, the United States Bankruptcy Court for the Southern District of Florida, and, in the instant case, the United States District Court for the Southern District of New York.[1]

In the instant case, plaintiffs seek monetary damages for injury resulting from alleged violations by defendant Feldstein under the Racketeer Influenced & Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and from Feldstein's alleged engagement in common law fraud and unjust enrichment. Plaintiffs claim that they are entitled to damages under RICO because income from RICO offenses enabled Feldstein to purchase the Premises.

The District Court dismissed each of plaintiffs' claims, holding that they were barred for lack of subject matter jurisdiction under both the *Rooker–Feldman* doctrine and the doctrine of *res judicata. See Ulysses I & Co., Inc. v. Feldstein,* No. 01 Civ 3102(LAP), 2002 WL 1813851, at *10, *12 (S.D.N.Y. Aug. 8, 2002). The Court held that the plaintiffs' claims were barred under *Rooker–Feldman* with respect to the original state-court judgment awarding Feldstein title to the Premises. *Id.* at *10 ("Ulysses' federal claims are barred by *Rooker–Feldman* because they are 'inextricably intertwined' with the Suffolk County Judgment."). The Court further held that plaintiffs' claims were equally barred by *res judicata* in light of the earlier federal action they had filed in the United States District Court for the Eastern District of New York. *Id.* at *12. In the earlier federal action, plaintiffs had alleged a series of federal offenses associated with an "unlawful conspiracy" to acquire the Premises, and Judge Hurley of

the Eastern District of New York had dismissed the plaintiffs' claims for lack of subject matter jurisdiction pursuant to the *Rooker–Feldman* doctrine.[2] *Id.* at *5.

In addition, Judge Preska granted defendant's motion for a permanent injunction against Ulysses and its affiliates, prohibiting them from initiating or intervening in any action in a federal forum "that is in any way, directly or indirectly, connected with or related to the Premises without first obtaining leave of [the District Court] ...." Judgment and Order of Permanent Injunction, at 2–3; *Ulysses I & Co.,* 2002 WL 1813851, at *14–16. The injunction further ordered Ulysses to attach a copy of the District Court's opinion and order of injunction to the first filings in any future state proceeding related to the Premises. Judgment and Order of Permanent Injunction, at 2–3; *Ulysses I & Co.,* 2002 WL 1813851, at *14–16.

## DISCUSSION

### I. *Rooker–Feldman* Doctrine

▮ The *Rooker–Feldman* doctrine provides that, because only the United States Supreme Court may review a final decision of a state court, federal district courts do not have jurisdiction over claims that have already been decided, or that are "inextricably intertwined" with issues that have already been decided, by a state court. *See Moccio v. New York State Office of Court Admin.,* 95 F.3d 195, 198 (2d Cir.1996) (citing *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103

---

1. These prior actions are described in detail in the District Court opinion, *Ulysses I & Co., Inc. v. Feldstein,* No. 01 Civ 3102(LAP), 2002 WL 1813851, at *3–6 (S.D.N.Y. Aug. 8, 2002).

2. This Court affirmed the judgment of the Eastern District of New York by summary

order on April 18, 2001, and the United States Supreme Court denied certiorari. *See Ulysses I & Co., Inc. v. Morton,* 11 Fed.Appx. 14, 2001 WL 392060 (2d Cir.), *cert. denied,* 534 U.S. 992, 122 S.Ct. 458, 151 L.Ed.2d 376 (2001).

S.Ct. 1303, 75 L.Ed.2d 206 (1983)). We agree with the District Court that it lacked jurisdiction to adjudicate the claims raised in this action because they are "inextricably intertwined" with issues settled by the state court action that originally adjudicated the parties' rights to the property. *See Feldstein,* 276 A.D.2d at 523–24, 714 N.Y.S.2d at 690. Plaintiffs argue that the fact that they are now seeking only monetary damages, rather than possession of the property, renders their claims so distinct from those they raised in the state court that they are not barred by the *Rooker–Feldman* doctrine. However, we agree with the District Court that, regardless of the form of remedy, plaintiffs' RICO charges and related claims "in essence seek damages for losing the Premises to Feldstein, which … directly implicate[s] the propriety of the [state court] Judgment." *Ulysses I & Co.,* 2002 WL 1813851, at *10. Accordingly, for substantially the reasons stated by the District Court, we affirm the Court's holding that it lacked subject matter jurisdiction over the plaintiffs' claims under the *Rooker–Feldman* doctrine.[3]

## II. Permanent Injunction

 Plaintiffs also challenge the District Court's issuance of a permanent injunction prohibiting them and their affiliates from (i) pursuing further federal litigation concerning the Premises without first obtaining the authorization of the District Court, and (ii) pursuing further state litigation with respect to the Premises without appending the District Court's opinion and order of injunction to their first filings. The District Court identified facts demonstrating that plaintiffs possess all five indicators set forth by this Court in *Safir v. United States Lines, Inc.,* 792 F.2d 19, 24 (2d Cir. 1986), for determining whether a plaintiff should be subject to an injunction against further litigation. *See Ulysses I & Co.,* 2002 WL 1813851, at *13–14. We agree with the District Court that these factors establish that plaintiffs are "likely to continue to abuse the judicial process and harass other parties." *See id.* at *13 (quoting *Safir,* 792 F.2d at 24) (internal quotation marks omitted); *see also, e.g., In re Martin–Trigona,* 737 F.2d 1254, 1261–62 (2d Cir.1984) (affirming an injunction limiting a litigant's access to the federal courts and imposing a notice requirement on a litigant's access to state courts in light of a record of repetitious litigation). Therefore, for substantially the reasons stated by the District Court, we affirm the District Court's imposition of a permanent injunction requiring plaintiffs (i) to seek authorization from the United States District Court for the Southern District of New York before pursuing further federal litigation with respect to the Premises, and (ii) to inform all state courts in which they file claims regarding the Premises of the Court's judgment and injunction.[4]

## III. Rule 38 Sanctions

 As a final matter, we consider whether sanctions are warranted in this

---

**3.** Because we affirm the District Court's dismissal of plaintiffs' claims under the *Rooker–Feldman* doctrine, we need not, and do not, reach the plaintiffs' appeal from the District Court's holding on the basis of the doctrine of *res judicata.*

**4.** Plaintiffs argue that the District Court lacked the power to enjoin them from filing future lawsuits after the Court found that it lacked subject matter jurisdiction over the substance of their claims pursuant to the *Rooker–Feldman* doctrine. We reject this argument because it is undermined by Supreme Court precedent, *see Willy v. Coastal Corp.,* 503 U.S. 131, 138, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992) (holding that whether an attorney had "abused the judicial process,"

Court for the filing of the instant appeal. Federal Rule of Appellate Procedure 38 provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R.App. P. 38. At oral argument on September 9, 2003, this Court served notice that it would consider the imposition of double costs in this matter and asked for letter briefing. Having reviewed the briefs of all parties, we now conclude that the imposition of double costs under Rule 38 is appropriate in light of Ulysses's extensive history of persistent, repetitive and vexatious litigation involving the Premises, and particularly in the light of the frivolous nature of the instant appeal from the judgment entered by Judge Preska. Accordingly, we direct plaintiffs to pay double costs directly to appellees within ten days of the filing of this order. We direct that plaintiffs personally pay a total of 50% of such costs, and that the remaining 50% be paid by plaintiffs' counsel for their facilitation of this frivolous appeal. The total liability of plaintiffs' counsel shall be apportioned as follows: 60% to be paid by Marc S. Dreier, Dreier LLP, New York, NY; 20% to be paid by Jeffrey H. Howard, Crowell & Moring LLP, Washington, D.C.; and 20% to be paid by Boies, Schiller & Flexner LLP, Armonk, NY.

## CONCLUSION

The District Court correctly concluded that it lacked subject matter jurisdiction over plaintiffs' claims under the *Rooker–Feldman* doctrine, and we therefore affirm its dismissal of plaintiffs' claims. We also affirm the District Court's entry of a permanent injunction restricting plaintiffs' ability to initiate future federal litigation concerning the Premises, and requiring that plaintiffs append the District Court's opinion and order of injunction to future filings in state courts. Finally, we award double costs, as set forth above.

and whether sanctions were warranted under Rule 11, were appropriately considered after dismissal for lack of subject matter jurisdiction, because such determinations "do[ ] not signify a district court's assessment of the legal merits of the complaint" (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (internal quotation marks omitted))); by the law of our Circuit, *see Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 141 (2d Cir.2002) ("Although the district court lacked jurisdiction to decide the merits of the underlying action, it retained the power to determine collateral issues, such as the appropriateness of sanctions." (citing *Willy*, 503 U.S. at 137–39, 112 S.Ct. 1076)); and by statute, *see, e.g.*, 28 U.S.C. § 1919 (providing that "[w]henever any action or suit is dismissed in any district court ... for want of jurisdiction, such court may order the payment of just costs"), all of which permit the imposition of appropriate sanctions following dismissal for lack of subject matter jurisdiction.