■ FEDERATED CONSERVATIONISTS OF WESTCHESTER COUNTY, INC., Appellant, v COUNTY OF WESTCHESTER et al., Defendants, and TOWN OF MOUNT PLEASANT, Respondent. [771 NYS2d 530]—

In an action, inter alia, for a judgment declaring that a certain parcel of land is owned by the defendant County of Westchester, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nicolai, J.), entered February 18, 2003, which denied its motion to vacate an order and judgment (one paper) of the same court dated December 14, 2001, which, after a nonjury trial, declared, in effect, that the subject parcel is not owned by the County of Westchester.

Ordered that the order is affirmed, with costs.

The plaintiff conservationist group brought this action alleging that a new parking lot built by the defendant Town of Mount Pleasant at the Valhalla Metro-North Railroad Station was located on land owned by the defendant County of Westchester. After a nonjury trial at which the town produced documentary evidence showing the State of New York was the owner of the parcel where the town had constructed the parking lot, and that the state had given permission to the town to build the lot, the Supreme Court issued an order and judgment (one paper) declaring, in effect, that the parcel is not owned by the county.

Approximately 10 months later, the plaintiff moved pursuant to CPLR 5015 (a) (2) to vacate the order and judgment on the

ground of "newly discovered" evidence. This evidence consisted of certain public records that the plaintiff claimed had been previously undiscoverable. The Supreme Court denied the motion, finding that the plaintiff failed to show that the documents were "newly discovered," and that the plaintiff failed to show that the documents would have affected the outcome of the trial. We agree.

It is well settled that vacatur pursuant to CPLR 5015 (a) (2) on the ground of newly-discovered evidence requires the movant to establish that the new evidence, if introduced at trial, would probably have produced a different result, and that it would have gone to the heart of the factual issues in the case (*see Corpuel v Galasso,* 240 AD2d 531 [1997]; *Gonzalez v Chalpin,* 233 AD2d 367 [1996]). Moreover, the movant must establish that the evidence could not have been discovered earlier with due diligence (*see Feldstein v Rounick,* 295 AD2d 398 [2002]; *Orix Credit Alliance v Grace Indus.,* 274 AD2d 424 [2000]; *Dan's Supreme Supermarkets v Redmont Realty Co.,* 261 AD2d 353 [1999]).

There is no newly-discovered evidence in this case. The purported newly-discovered evidence consisted entirely of public records, which, despite their age, were discoverable. Evidence which is a matter of public record is generally not deemed new evidence which could not have been discovered with due diligence before trial (*see Demas v E&R Quilting Corp.,* 111 AD2d 898 [1985]; *Graham v Beermunder,* 93 AD2d 254 [1983]; *Mully v Drayn,* 51 AD2d 660 [1976]). Moreover, it is clear from the record that the plaintiff did not diligently look for the documents before the trial because it had "expected to prevail" at the trial. The plaintiff began a comprehensive search for the documents only after it lost at trial (*see Maor Home Sales v Levine,* 303 AD2d 385 [2003]; *Travelers Ins. Cos. v Howard E. Conrad, Inc.,* 233 AD2d 890 [1996]; *DiBernardo v Gunneson,* 65 AD2d 828 [1978]). In any event, contrary to the plaintiff's argument, it failed to demonstrate that the purported newly-discovered evidence would probably have changed the result of the trial (*see* CPLR 5015 [a] [2]; *Matter of Jenna R.,* 207 AD2d 403 [1994]). Prudenti, P.J., Goldstein, Luciano and Cozier, JJ., concur.