NUTRITION 21, INC., Appellant,

v.

Andrew WERTHEIM, Appellee.

Docket No. 04–6464–CV.

United States Court of Appeals,
Second Circuit.

Oct. 13, 2005.

---

Andrew J. Rossman, Akin, Gump, Strauss, Hauer & Feld, L.L.P., New York, New York, for Appellant.

Francis Carling (John P. Kiel, on the brief), Collazo Carling & Mish L.L.P., New York, New York, for Appellee.

PRESENT: MESKILL, NEWMAN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Nutrition 21 appeals from the confirmation of an arbitration award in favor of its former chief operating officer, Andrew Wertheim. Nutrition 21 submits that the arbitrator exceeded the scope of her authority and manifestly disregarded the law in awarding damages based on withheld stock options. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

A. *Review of the Arbitral Award*

We review the district court's confirmation of the challenged award *de novo, see*

*Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S,* 333 F.3d 383, 388 (2d Cir. 2003); *Westerbeke Corp. v. Daihatsu Motor Co.,* 304 F.3d 200, 208 (2d Cir.2002), but we accord considerable deference to the arbitrator's decision, *see Wallace v. Buttar,* 378 F.3d 182, 189 (2d Cir.2004), and will confirm an award as long as there is a "barely colorable justification for the outcome reached," *Banco de Seguros del Estado v. Mutual Marine Office, Inc.,* 344 F.3d 255, 260 (2d Cir.2003) (internal quotation marks omitted).

1. *Exceeding Scope of Authority*

Nutrition 21 contends that the arbitrator exceeded the scope of her authority by considering withheld stock options in its damages award. We disagree.

The arbitrator's stock options award was based solely on her construction of the employment agreement, which all parties agree was subject to arbitration, and not on the separate stock option agreement. Because an arbitrator acts within the scope of her authority as long as the arbitrator is even arguably construing or applying the contract, *see Local 1199, Drug, Hosp. and Health Care Employees Union v. Brooks Drug Co.,* 956 F.2d 22, 25–26 (2d Cir.1992), we must conclude that Nutrition 21's authority challenge is without merit.

2. *Manifest Disregard*

A reviewing court may vacate an arbitral award for manifest disregard of the law only if it concludes " 'both that (1) the arbitrator[ ] knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrator[ ] was well defined, explicit, and clearly applicable to the case.' " *Banco de Seguros del Estado v. Mutual Marine Office, Inc.,* 344 F.3d at 263 (quoting

*Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 28 (2d Cir.2000)).

### a. *New York Law*

■ Nutrition 21 asserts that the arbitrator acted in manifest disregard of clearly applicable New York contract law by calculating Wertheim's damages as of August 28 and 29, 2003, the dates he attempted to exercise the stock options, rather than February 14, 2003, the date of his termination.

The arbitrator's decision to calculate damages as of August 28 and 29, 2003, when Nutrition 21 refused to allow Wertheim to exercise the stock options properly available to him, rather than on February 14, 2003, when it terminated him, is not lacking in "colorable justification." *Banco de Seguros del Estado v. Mutual Marine Office, Inc.*, 344 F.3d at 260. Nutrition 21 was free to terminate Wertheim with or without cause on February 14, 2003, but if it terminated him without cause, as the arbitrator found, it was obliged to afford him one year to exercise the stock options. Thus, the August 2003 refusal could colorably be viewed as the breach date for purposes of calculating damages. *See Scully v. U.S. WATS, Inc.*, 238 F.3d 497, 510–12 (3d Cir.2001) (citing New York law regarding damages calculation). In any event, "[a] federal court cannot vacate an arbitral award merely because it is convinced that the arbitration panel made the wrong call on the law." *Wallace v. Buttar*, 378 F.3d at 190.

This court's opinion in *New York Telephone Co. v. Communications Workers of America Local 1100*, 256 F.3d 89 (2d Cir. 2001) (*per curiam*) does not compel a different conclusion. In this case, the arbitrator did not explicitly reject controlling Second Circuit law in favor of contrary law in other circuits. *Cf. id.* Rather she relied on a Third Circuit case interpreting

New York law in the absence of any other governing authority brought to her attention. Indeed, Nutrition 21 concedes it made a deliberate strategic choice not to present the arbitrator with any guiding legal principles, let alone governing authority, for computing damages. As this court has cautioned, "counsel forego their obligation to educate arbitral panels as to governing legal principles at their great peril." *Wallace v. Buttar*, 378 F.3d at 195.

### b. *Federal Law*

■ Nutrition 21 contends that the arbitrator manifestly disregarded SEC Rule 144 in finding that Wertheim could have exercised his stock options and sold shares in August 2003. Because the only evidence regarding the applicability of this rule to the stock options in this case came from disputed fact witnesses, whose testimony the arbitrator was free to reject, and because Nutrition 21 again failed to argue the legal principles in its post-arbitration brief, much less offer an alternative to Wertheim's damages calculation, it fails to demonstrate a manifest disregard of the law. *See id.* at 194–95.

## B. *Sanctions*

■ In a separate motion pursuant to Federal Rule of Appellate Procedure 38, Wertheim asks the court to sanction Nutrition 21 for prosecuting and pursuing a frivolous action and appeal. Nutrition 21 cross moves for sanctions, including attorneys fees, on the basis of Wertheim's "frivolous motion."

Under Rule 38, this court may "award 'just damages and single or double costs to the appellee' if the court has determined that an appeal is 'frivolous.' " *State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 180 (2d Cir. 2004) (quoting Fed. R.App. P. 38)). We have reviewed both parties' submissions and find that they fail to satisfy this stan-

dard. While we are not ultimately persuaded by Nutrition 21's arguments, we are not prepared to characterize its appeal of the district court's opinion as "frivolous." *Cf. Bridgewater Operating Corp. v. Feldstein,* 346 F.3d 27, 31 (2d Cir.2003) (*per curiam*) (finding sanctions warranted "in light of [the party's] extensive history of persistent, repetitive and vexatious litigation" and frivolous nature of appeal). On the other hand, Wertheim had at least a colorable basis in law and fact for so arguing.

For all these reasons, the order of the district court, entered on November 30, 2004, confirming the arbitral award, is hereby AFFIRMED and the cross motions for sanctions are DENIED.