George **ROWE**, Plaintiff–Appellant,

v.

**JAGDAMBA, INC.,** Defendant–Appellee.

Nos. 07–3106–cv, 07–3239–cv.

United States Court of Appeals, Second Circuit.

Dec. 17, 2008.

* The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

George Rowe, Pro Se, Albany, N.Y., for Appellant.

Christopher P. Rutnik, Albany, N.Y., for Appellee.

Present: ROSEMARY S. POOLER, REENA RAGGI and DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant George Rowe, proceeding pro se, seeks review of a June 29, 2007 order of the district court granting Defendant–Appellee Jagdamba Inc.'s motion for summary judgment, dismissing Rowe's complaint of employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and declining to exercise supplemental jurisdiction over Rowe's state-law claims for negligence and gross negligence. Jagdamba cross-appeals the district court's denial of its request for an award of attorney's fees. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a grant of summary judgment de novo and affirm only if the record, viewed in the light most favorable to the non-moving party, reveals no genuine issue of material fact. See Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Ollman v. Special Bd. of Adjustment No. 1063*, 527 F.3d 239, 245 (2d Cir.2008). A "genuine" dispute is one for which "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a "material" fact is one that "might affect the outcome of the suit under the governing law." *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir.2004) (quotation marks omitted).

Rowe argues that he was terminated by Jagdamba from his position as a server at the Golden Corral restaurant on the basis of his gender. He alleges, inter alia, that while he worked at the Golden Corral, female servers were assigned to more lucrative shifts and sections of the restaurant, that managers decided disputes regarding gratuities in favor of female servers, and that he was verbally harassed due to his gender.

At the summary-judgment stage, Title VII claims are analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). At the first stage of the *McDonnell Douglas* analysis, the plaintiff bears the burden of establishing a prima facie case of discrimination by showing that: "1) he belonged to a protected class; 2) he was qualified for the position; 3) he suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir.2003). The plaintiff's burden of proof at the prima facie stage "is not onerous." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Once a plaintiff makes a prima facie Title VII case, "the burden of production shifts to the employer to articulate some legitimate, nondiscriminatory reason for the termination, ... which, if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action." *Patterson v. County of Oneida*, 375 F.3d 206, 221 (2d Cir.2004) (citation and quotation marks omitted). If the employer satisfies this requirement, the burden shifts back to the plaintiff to provide evidence that the employer's proffered reasons were pretextual. *Id.*

With respect to Rowe's claim that he was terminated due to his gender, we agree with the district court that Jagdamba articulated a legitimate nondiscriminatory reason for Rowe's termination, to wit, complaints of sexual harassment made against Rowe by two female servers. The complainants submitted written statements, and one of the complaints was substantiated by a witness. Jagdamba's man-

agement undertook an investigation and reached a determination that the complaints were credible. Because Jagdamba proffered a nondiscriminatory reason for Rowe's termination, it is entitled to summary judgment unless Rowe "can point to evidence that reasonably supports a finding of prohibited discrimination." *James v. N.Y. Racing Ass'n*, 233 F.3d 149, 154 (2d Cir.2000). The district court did not err in concluding that Rowe failed to present any evidence that Jagdamba's rationale was mere pretext.

■ To the extent that Rowe claims he suffered an adverse employment action because female servers received occasional favorable treatment, we find that he has failed to meet his prima facie burden of demonstrating an adverse employment action. An adverse employment action is "a materially adverse change in the terms and conditions of employment," for example, "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation." *Sanders v. N.Y. City Human Res. Admin.*, 361 F.3d 749, 755 (2d Cir.2004) (quotation marks and alteration omitted).

We assume, without here deciding, that for a restaurant server, "a profession where wage is determined almost solely by tips, the consistent decision to place the plaintiff in a section with fewer customers than anywhere else" could "amount[ ] to a decreased wage," and, if combined with other disadvantages, could rise to the level of an "adverse employment action." *Reed v. Cracker Barrel Old Country Store, Inc.*, 133 F.Supp.2d 1055, 1071 (M.D.Tenn.2000). That, however, is not this case. Rowe alleges isolated incidents of adverse treatment in scheduling and table assignments, and resulting loss of tips and wages, but

his allegations do not rise to the level of a "materially adverse change in the terms and conditions" of his employment.

■ The district court did not err in concluding that Rowe failed to prove a prima facie case of a hostile work environment. "A hostile work environment claim requires a showing [1] that the harassment was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, and [2] that a specific basis exists for imputing the objectionable conduct to the employer." *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir.2002) (quotation marks omitted). The plaintiff must demonstrate that, under the totality of the circumstances, "the workplace was so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of ... employment were thereby altered." *Id.* As a general matter, the alleged "incidents must be more than 'episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive.' " *Id.* at 374 (quoting *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 149 (2d Cir.1997)). In this case, the district court correctly determined that the allegedly inappropriate behavior, which consisted of incidents of name-calling and use of profanity, did not rise to the level of a hostile work environment.

■ We review for abuse of discretion a district court's decision to decline to exercise supplemental jurisdiction. *N.Y. Mercantile Exch., Inc. v. IntercontinentalExchange, Inc.*, 497 F.3d 109, 113 (2d Cir. 2007). We find that the district court acted well within its discretion in declining to assert supplemental jurisdiction over Rowe's state-law claims of negligence and gross negligence. *See Marcus v. AT & T Corp.*, 138 F.3d 46, 57 (2d Cir.1998) ("In general, where the federal claims are dis-

missed before trial, the state claims should be dismissed as well.").

We also review a district court's determination on whether to award attorney's fees for abuse of discretion. *In re Nortel Networks Corp. Sec. Litig.,* 539 F.3d 129, 134 (2d Cir.2008). "Indeed abuse of discretion—already one of the most deferential standards of review—takes on special significance when reviewing fee decisions based on our recognition that the district court, being intimately familiar with the case, is in a far better position to make such determinations than an appellate court." *Id.* (quotation marks omitted). Jagdamba points to no "mistake of law" or "clearly erroneous factual finding" that would justify overturning the district court's denial of attorney's fees in this case. *Id.* (quotation marks omitted).

To the extent that Jagdamba requests that this Court award attorney's fees due to the frivolousness of Rowe's appeal, we find that, although Rowe's appeal is without merit, it is not "frivolous" such that an award of attorney's fees is warranted. Fed. R.App. P. 38; *cf. Bridgewater Operating Corp. v. Feldstein,* 346 F.3d 27, 31 (2d Cir.2003) (per curiam) (sanctions warranted "in light of [party's] extensive history of persistent, repetitive and vexatious litigation" and frivolous nature of appeal).

We have considered Rowe's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED, and Jagdamba's request for attorney's fees is DENIED.