John PEREIRA, Trustee of Trace International Holdings, Inc. in his capacity as judgment creditor in Pereira v. Cogan, 00cv619 RWS, Plaintiff–Appellant,

v.

GULF INSURANCE COMPANY and Executive Risk Indemnity Inc., Defendants–Appellees,

Andrea Farace and Phillip Smith, Intervenors,

National Union Fire Insurance Company of Pittsburgh, PA, Defendant–Third–Party Plaintiff,

Marshall Cogan, Tambra King, Frederick Marcus, Robert Nelson, Saul Sherman, and Karl Winters, Third–Party–Defendants.

No. 08–1430–cv.

United States Court of Appeals, Second Circuit.

May 6, 2009.

John P. Campo (John S. Kinzey, on the brief), Gibbons P.C., (Joseph P. Cervini, Jr. and Chad Harris, Dreier LLP, on the brief), New York, N.Y., Appearing for Appellant.

Philip J. Mause (Janet R. McFadden, on the brief), Drinker Biddle & Reath LLP, Washington, D.C., Appearing for Appellee Gulf Insurance Company.

Marvin Wexler (Daniel A. Cohen and Mikaela A. McDermott, of counsel), Kornstein Veisz Wexler & Pollard, LLP, New York, N.Y., Appearing for Appellee Executive Risk Indemnity Inc.

Present: JON O. NEWMAN, ROSEMARY S. POOLER, B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

John S. Pereira, as bankruptcy trustee for Trace International Holdings, Inc. ("Trustee"), seeks review of an opinion and order of the district court, dated September 5, 2007, as supplemented September 19, 2007, dismissing the Trustee's claims against Executive Risk Insurance, Inc. ("ERII") and Gulf Insurance Company ("Gulf"). *Pereira v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 525 F.Supp.2d 370 (S.D.N.Y.2007). In a careful and thorough opinion, Judge Swain held that the majority of the claims asserted by the Trustee were barred by the "prior litigation exclusion" of each directors' and officers' liability policy, which excluded coverage for losses resulting from claims involving facts, situations, or circumstances alleged in litigation commenced prior to July 6, 1998. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The Trustee argues that the insurers are estopped from denying coverage based on the prior litigation exclusions because they failed to assert those exclusions in a timely manner. But there can be no estoppel where, as here, the insurers timely reserved their rights to decline coverage and took no action inconsistent with denial of coverage. *See, e.g., Globecon Group, LLC v. Hartford Fire Ins. Co.*, 434 F.3d 165, 176 (2d Cir.2006). The Trustee complains that ERII's initial letter raised only one specific ground for denying coverage— that the policy had expired—a ground the Trustee knew was erroneous, thus lulling the Trustee into believing there was coverage. In support of this argument, the Trustee cites *Pasha v. Rosemount Memorial Park, Inc.*, 344 N.J.Super. 350, 781 A.2d 1119 (App.Div.2001). That case, how-

ever, is not controlling and involved an exclusion asserted after the trial court had already adjudicated a number of the insurer's previously asserted bases for denying coverage. The Trustee could not have reasonably relied on ERII's declination of coverage letter to assume that the policy provided coverage, considering that ERII stated that it had not yet identified other potential coverage issues and continued to reserve its rights to assert other available defenses. *See New York Univ. v. Continental Ins. Co.*, 87 N.Y.2d 308, 323, 639 N.Y.S.2d 283, 662 N.E.2d 763 (1995). The district court did not err in rejecting the Trustee's argument on this ground.

The Trustee also argues that the district court erred in adopting an overly broad interpretation of the prior litigation exclusion by considering losses which accrued during time periods other than those alleged in the prior litigation.[1] The Trustee does not dispute that, by their terms, the relevant policy provisions apply. The district court's opinion carefully parsed the various factual allegations in the complaint in the prior litigation and assigned dollar-amount increments of loss to each pattern of financial malfeasance common to the two cases. The Trustee points to no specific errors with respect to that analysis. Nor do we agree that the district court's interpretation of the prior litigation exclusion renders that clause so broad as to be meaningless or to defeat the parties' intentions. Thus, we conclude that the district court's approach was appropriate.

ERII has moved for sanctions under Rule 38 of the Federal Rules of Appellate Procedure and Local Rule 27(B) against the Trustee on the ground that this appeal is frivolous. Although we agree that the Trustee's arguments are without merit,

---

1. To the extent the Trustee intends to argue that the district court's interpretation or application of the prior litigation exclusion was

otherwise erroneous, its arguments are not stated with sufficient clarity or detail to present the issues for appellate review.

and we find disconcerting the Trustee's misleading citations to inapposite cases, we do not agree that this conduct rises to a sanctionable level. *See* Fed. R.App. P. 38; *cf. Bridgewater Operating Corp. v. Feldstein,* 346 F.3d 27, 31 (2d Cir.2003) (per curiam).

Accordingly, the judgment of the district court is hereby AFFIRMED. ERII's motion for sanctions is hereby DENIED.