■ IMC Mortgage Company, Respondent, v Margaret Vetere, Appellant, et al., Defendant. [37 NYS3d 329]——

In an action to foreclose a mortgage, the defendant Margaret Vetere appeals from an order of the Supreme Court, Suffolk County (Tarantino, Jr., J.), dated March 3, 2015, which denied her motion, inter alia, pursuant to CPLR 5015 to vacate a judgment of foreclosure and sale of the same court (Dunn, J.), entered October 6, 2000, upon her failure to appear or answer the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the motion of the de-

fendant Margaret Vetere (hereinafter the appellant), inter alia, pursuant to CPLR 5015 to vacate a judgment of foreclosure and sale entered upon her failure to appear or answer. The appellant failed to demonstrate her entitlement to vacatur pursuant to CPLR 5015 (a) (4). While the appellant contends that her codefendant was not properly served with process, she does not have standing to contest the validity of service of process on her codefendant because "[t]he defense of improper service of process in a foreclosure action is personal in nature and may only be raised by the party improperly served" (*NYCTL 1996-1 Trust v King*, 13 AD3d 429, 430 [2004]; *see Wells Fargo Bank, N.A. v Bowie*, 89 AD3d 931, 932 [2011]; *Home Sav. of Am. v Gkanios*, 233 AD2d 422, 423 [1996]).

Additionally, the appellant failed to demonstrate her entitlement to vacatur pursuant to CPLR 5015 (a) (2). While she submitted evidence in support of her motion that she claimed was newly discovered, "[e]vidence which is a matter of public record is generally not deemed new evidence which could not have been discovered with due diligence before trial" (*Federated Conservationists of Westchester County v County of Westchester*, 4 AD3d 326, 327 [2004]). In any event, the appellant failed to demonstrate that the newly discovered evidence "would probably have produced a different result" (CPLR 5015 [a] [2]; *see Federated Conservationists of Westchester County v County of Westchester*, 4 AD3d at 327).

Further, the appellant failed to demonstrate her entitlement to vacatur pursuant to CPLR 5015 (a) (3). A party seeking to vacate a judgment pursuant to CPLR 5015 (a) (3) must make the motion within a reasonable time, and here the appellant's delay in moving to vacate the judgment of foreclosure and sale was unreasonable (*see Dimery v Ulster Sav. Bank*, 82 AD3d 1034, 1034 [2011]; *Bank of N.Y. v Stradford*, 55 AD3d 765, 765 [2008]). In any event, the appellant failed to establish that the plaintiff engaged in any fraud, misrepresentation, or other misconduct warranting vacatur of the judgment (*see Summitbridge Credit Invs., LLC v Wallace*, 128 AD3d 676, 677-678 [2015]).

The appellant's remaining contentions are without merit. Rivera, J.P., Leventhal, Hinds-Radix and Brathwaite Nelson, JJ., concur.