Deutsche Bank Natl. Trust Co. v Conway (2019 NY Slip Op 00853)





Deutsche Bank Natl. Trust Co. v Conway


2019 NY Slip Op 00853


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-08590
 (Index No. 14228/07)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Purcell Conway, appellant, et al., defendants.


Anthony J. Lopresti, Garden City, NY (Gail M. Blasie of counsel), for appellant.
Day Pitney, LLP, New York, NY (Rachel G. Packer of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Purcell Conway appeals from an order of the Supreme Court, Queens County (Robert L. Nahman, J.), entered July 20, 2016. The order, insofar as appealed from, granted the plaintiff's motion to appoint a successor referee, and denied, without a hearing, those branches of the cross motion of the defendant Purcell Conway which were, in effect, pursuant to CPLR 5015(a) to vacate a judgment of foreclosure and sale of the same court (Peter J. Kelly, J.) entered January 18, 2008, upon his failure to appear or answer the complaint, and thereupon to dismiss the complaint insofar as asserted against him, or, in the alternative, for leave to serve a late answer.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Purcell Conway (hereinafter the defendant). A judgment of foreclosure and sale was entered January 18, 2008, upon the defendant's failure to appear or answer the complaint. Thereafter, the plaintiff moved to appoint a successor referee. The defendant cross-moved, inter alia, in effect, pursuant to CPLR 5015(a) to vacate the judgment of foreclosure and sale based on newly-discovered evidence, and thereupon to dismiss the complaint insofar as asserted against him, or, in the alternative, for leave to serve a late answer. In an order entered July 20, 2016, the Supreme Court, inter alia, without a hearing, granted the plaintiff's motion and denied those branches of the defendant's cross motion. The defendant appeals.
We agree with the Supreme Court's denial of those branches of the defendant's cross motion which were to vacate the judgment of foreclosure and sale pursuant to CPLR 5015(a)(2), (3), or in the interests of substantial justice. The defendant failed to demonstrate that the newly discovered evidence would probably have produced a different result (see CPLR 5015[a][2]; Wall St. Mtge. Bankers, Ltd. v Rodgers, 148 AD3d 1088, 1089; IMC Mtge. Co. v Vetere, 142 AD3d 954, 955; Federated Conservationists of Westchester County v County of Westchester, 4 AD3d 326, 327). While "the party seeking relief must demonstrate that the evidence is material, is not merely cumulative, is not of such a nature as would merely impeach the credibility of an adverse witness and that it would probably change the result previously reached" (Trimarco v Data Treasury Corp., 146 AD3d 1008, 1010 [internal quotation marks omitted]), here, the proffered evidence served [*2]merely to impeach the process server's credibility. Further, the defendant failed to establish that the plaintiff engaged in any fraud, misrepresentation, or other misconduct warranting vacatur of the judgment based on CPLR 5015(a)(3) (see Bank of N.Y. Mellon Trust Co., N.A. v Sukhu, 163 AD3d 748, 751; IMC Mtge. Co. v Vetere, 142 AD3d at 955). Moreover, he did not show that the judgment should be vacated in the interests of substantial justice (see 40 BP, LLC v Katatikarn, 147 AD3d 710, 711).
The defendant's remaining contentions are without merit.
LEVENTHAL, J.P., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court